UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ONE HANOVER, LLC,

                            Plaintiff,

- against -

THE WITKOFF GROUP LLC, SYMPHONY CP
(PARK LANE) OWNER LLC, NEW VALLEY LLC
and HIGHGATE HOTELS, INC.,

                            Defendants.
---------------------------------------------------------------X

Civil Action No.: 22-2723 (VM)(VF)

**JOINT PROTECTIVE ORDER**

       Plaintiffs ONE HANOVER, LLC ("Hanover" or "Plaintiff") and Defendants submit this Joint Protective Order for the Court's approval, and for good cause shown, it is,

       **ORDERED THAT** this Joint Protective Order shall govern discovery provided by the Parties and any other party or non-party ("Discovery Material") in connection with the above-captioned action (the "Action") pursuant to the following terms:

       1.      If any Party or person who provides or has provided Discovery Material in connection with this Action (the "Producing Party") determines in good faith that such Discovery Material would pose a high risk of competitive harm the Producing Party may designate specifically identified Discovery Material as "CONFIDENTIAL" (such material hereinafter referred to as "Confidential Discovery Material") or in the event it contains or discloses non-public information of a commercially, financially or personally sensitive nature such as confidential trade secrets, unpublished financial data, confidential business or product plans, or confidential customer information, the Producing Party may designate specifically identified Discovery Material as "ATTORNEYS' EYES ONLY-HIGHLY CONFIDENTIAL" (such material hereinafter referred to as "AEO Highly Confidential Discovery Material"). Total revenue on the sales of allegedly infringing services/products and/or the identities of those using in commerce allegedly infringing

1

services/products is not considered AEO Highly Confidential Discovery Material. For purposes of this Joint Protective Order, both Confidential Discovery Material and AEO Highly Confidential Discovery Material shall be referred to collectively as "Confidential Information".

2. Copies and/or originals of Confidential Information that are produced, given, or exchanged in connection with this Action shall be designated as such by the Producing Party by stamping or otherwise clearly marking at least on the first page of a document or writing "CONFIDENTIAL" or "AEO HIGHLY CONFIDENTIAL." When the designation is intended to apply to only a portion of a document or writing, that portion shall be clearly marked "CONFIDENTIAL" OR "AEO HIGHLY CONFIDENTIAL."

3. Information contained or revealed in a deposition, whether in a question, answer, or exhibit, in connection with this Action may be designated on the record as "CONFIDENTIAL" or "AEO HIGHLY CONFIDENTIAL." Portions of transcripts of testimony and/or exhibits so designated during the deposition may, at the option of any Party, be appropriately marked and bound separately at the expense of the Designating Party. A Party may also designate information disclosed at depositions as "CONFIDENTIAL" or "AEO HIGHLY CONFIDENTIAL" by notifying counsel for all Parties, in writing, within five (5) days of receipt of the transcript of the deposition of the specific pages and lines of the transcript and/or exhibits which contain Confidential Information.

4. The disclosure of Discovery Material without designating it as "CONFIDENTIAL" or "AEO HIGHLY CONFIDENTIAL" in accordance with the foregoing paragraphs does not constitute a waiver of such right and may be corrected by supplemental written notice at any time, with the effect that such Discovery Material will be deemed Confidential Discovery Material or AEO Highly Confidential Discovery Material from the time it is designated "CONFIDENTIAL" or "AEO HIGHLY CONFIDENTIAL." Upon receipt of such a supplemental designation, any party that

received such Discovery Material (the "Receiving Party") that disclosed the Discovery Material prior to its designation as Confidential Information shall exercise its best efforts to ensure that the Discovery Material, and any information derived therefrom, is treated as Confidential Information in accordance with the terms of this Joint Protective Order.

5. Except as modified by Paragraph 7 herein with respect to "AEO HIGHLY CONFIDENTIAL" documents and information, Confidential Information shall not be disclosed directly or indirectly by a Receiving Party to persons other than:

    a. Parties (up to two executive level representatives for each party);

    b. Counsel, regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) for use in accordance with this Joint Protective Order;

    c. Experts or consultants engaged to assist outside counsel retained specifically for this Action, subject to the conditions and procedures listed in Paragraph 6;

    d. Witnesses or deponents and their counsel, during the course of, or to the extent necessary to prepare for, depositions or testimony, subject to the conditions and procedures listed in Paragraph 6 if not otherwise included in this Paragraph 5;

    e. Any person indicated on the face of a document to be the author, addressee, or an actual or intended receiving party of the document;

    f. Stenographers engaged to transcribe depositions conducted with respect to this Action;

    g. The Court and any appellate court and their support personnel; and/or

    h. Any other person with the written consent of the Producing Party.

6. All persons listed in Paragraphs 5(c) and 5(d) above, who are given access to Confidential Information or documents or documents containing Confidential Information, therein, shall first execute a Non-Disclosure Agreement in the form annexed as Exhibit A hereto (the "Agreement"), agreeing in writing to be bound by the terms and conditions of this Joint Protective

Order, consenting to the jurisdiction of the Court solely for purposes of enforcement of the terms of this Joint Protective Order, and agreeing not to disclose or use any Confidential Discovery Material for purposes other than those permitted herein. Signed Agreements shall be maintained by counsel for the party responsible for obtaining those Agreements as a condition to giving such persons access to Confidential Discovery Material. Notwithstanding Paragraphs 5(c) and 5(d) above, Confidential Discovery Material may be provided to experts or consultants only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist outside counsel retained specifically for this Action, and provided that such expert or consultant is using said materials solely for such purposes.

7. Nothing in this Joint Protective Order shall be construed to limit in any way any Party's use of its own Confidential Information, nor shall it affect any person's or entity's subsequent waiver of its own prior designation with respect to its own Confidential Information.

8. All AEO HIGHLY CONFIDENTIAL Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Information shall be filed under seal in accordance with the following procedures outlined herein. Any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

10. Meet and Confer. The party designating any materials AEO HIGHLY CONFIDENTIAL shall meet and confer with any Receiving Party that objects to such designation within three business days of receipt of a letter of objection from the Receiving Party, which explains the grounds for the objection. The Designating Party should explain its grounds for the designation with particularity.

11. Sealed Document(s). If the parties cannot resolve a dispute concerning a designation, the Producing Party shall electronically file a letter motion seeking leave to file a document under seal on ECF in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions. The letter motion shall be publicly filed, explain the reasons for seeking to file the document under seal, and shall not include Confidential Information. The proposed sealed document shall be separately and contemporaneously filed under seal on ECF (with the appropriate level of restriction) and electronically related to the motion (or to the relevant Court order if the Court previously granted leave to file the document under seal). Note that the summary docket text, but not the document itself, will be open to public inspection and, thus, the summary docket text shall not include Confidential Information sought to be filed under seal.

12. This Joint Protective Order shall not apply to the treatment to be given at any trial or evidentiary hearing to any Confidential Discovery Material. Such treatment shall be subject to subsequent order of this Court issued prior to trial.

13. Each person who has access to Confidential Information shall take all due precautions to prevent the unauthorized disclosure of such Confidential Information.

14. This Joint Protective Order shall survive the termination of all proceedings in connection with this Action. Unless otherwise agreed to or ordered by the Court, within thirty (30) days of the final disposition of this Action (including any appellate proceedings), all Confidential

Information and all copies thereof (with the exception of one file copy that counsel may keep for up to five years), shall be promptly returned to the Producing Party (who shall be obligated to maintain the same in its original form for a period of five years) and then must be destroyed. If a Receiving Party chooses to destroy, rather than return, all Confidential Information it shall provide a certification of such destruction to the Producing Party's counsel within thirty (30) days of the final disposition of all proceedings in this Action and written request therefor.  With regard to Confidential Information that has been received electronically and that cannot be returned or destroyed, the Receiving Party must take reasonable measures to ensure that (i) the documents are electronically deleted, including from "trash" files and (ii) unauthorized persons do not have access to Confidential Information resident on the recipient's computer server and back-up media.  A Party disposing of Confidential Information in a manner consistent with the immediately preceding sentence shall provide a certification of such disposition to the Producing Party's counsel within thirty (30) days of final disposition of proceedings in this Action and written request therefor.

15. If any Receiving Party is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential Information, the Receiving Party shall give written notice by hand or overnight delivery promptly, and in no event later than three (3) business days after receipt of such subpoena or document demand, to the Producing Party that identifies the Confidential Information sought and encloses a copy of the subpoena or discovery request. Except as ordered otherwise by a court of competent jurisdiction, the Receiving Party shall refrain from producing any Confidential Information in response to such a subpoena or document demand until the earlier of (i) receipt of written notice from the Producing Party that such party does not object to production of the Confidential Information or (ii) resolution of any timely objection asserted by the Producing Party either by agreement or by order of the court with

jurisdiction over the objection of the Producing Party. The burden of opposing the enforcement of the subpoena shall fall solely upon the Producing Party. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Joint Protective Order to challenge or appeal any order directing production of Confidential Information covered by this Joint Protective Order, or to subject himself, herself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

16. A person or entity from whom discovery is sought, or who enters an appearance in this Action, may join this Joint Protective Order, thereby becoming an additional Party hereto, by executing and filing a Joinder agreeing to be bound by the terms and provisions of this Joint Protective Order.

17. A Party needing relief from the provisions of this Joint Protective Order, or who seeks modification of the Joint Protective Order may, if agreement between or among the Parties cannot be reached, seek appropriate relief from the Court upon written notice to the other Parties.

18. Nothing contained in this Joint Protective Order will be construed as: (a) a waiver by a Party of its right to object to any discovery request propounded; (b) a waiver of any privilege or protection available under the controlling law; or (c) a waiver of any Party's right to object to the admissibility at trial of any document, testimony or other evidence.

19. This Court shall retain jurisdiction over all persons subject to this Joint Protective Order to the extent necessary to enforce any obligations arising hereunder.

**STIPULATED AND AGREED:**

Dated:  August 4, 2022

   s/John P. Bostany                       s/John C. Cleary                
John P. Bostany                                    John C. Cleary
THE BOSTANY LAW FIRM PLLC          POLSINELLI PC
3 World Financial Center- 24th Fl             600 Third Avenue, 42nd Floor
New York, New York 10281                  New York, NY 10016
*Attorneys for Plaintiff*                              *Attorneys for Defendants*

**August  5 , 2022**

**SO ORDERED:**

_____
Victor Marrero
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ONE HANOVER, LLC,

                              Plaintiff,

- against -

THE WITKOFF GROUP LLC, SYMPHONY CP
(PARK LANE) OWNER LLC, NEW VALLEY LLC
and HIGHGATE HOTELS, INC.,

                              Defendants.
----------------------------------------------------------------X

Civil Action No.: 22-2723 (VM)(VF)

**NON DISCLOSURE AGREEMENT**

      I, _____, hereby declare:

      1.     I hereby agree to be bound by the terms and conditions of the Joint Protective Order that was "so ordered" by the Court and entered on the Docket in this case ("Joint Protective Order").

      2.     I hereby consent to the jurisdiction of this Court solely for purposes of enforcement of the terms of this Joint Protective Order.

      3.     I agree not to disclose or use any Discovery Material or Confidential Discovery Material for purposes other than those permitted by the Joint Protective Order.

Dated: _____, 2022

                                                                              _____
                                                                              Name:
                                                                              Title:
                                                                              Company: