# THE BOSTANY LAW FIRM PLLC

**NEW JERSEY OFFICE**
ONE GATEWAY CENTER
NEWARK, NJ 07102

3 WORLD FINANCIAL CENTER
24TH FLOOR
NEW YORK, NEW YORK 10281

TEL: 212-530-4400

FAX: 212-530-4488

**FLORIDA OFFICE**
1001 BRICKELL BAY DRIVE
MIAMI, FL 33131

---

**SO ORDERED**

*/s/ Valerie Figueredo*
VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 11-28-2022

Any response to this letter motion is due by Friday, December 2, 2022.

---

Hon. Valerie Figueredo
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

        **RE:**   *One Hanover, LLC v. Witkoff Group, LLC, et. al.*
                SDNY Docket No.: 22cv2723(VM)(VF)

Dear Judge Figueredo:

      One Hanover, the Plaintiff in this trademark case, respectfully comes to this Honorable Court concerning difficulties we are having persuading Defendants to comply with this Court's October 6, 2022 Bench Order memorialized in a written order dated October 17, 2022 setting October 28, 2022 as the deadline to produce. By way of brief background, following a number of written and oral meetings with counsel, on September 19, 2022, One Hanover filed a motion to compel responses to July 20, 2022 RFD's 3-5 [Dkt. No. 42]. Judge Marrero referred the motion along with a General Referral to Your Honor.

      The case arises out of Defendants' unauthorized use of the registered mark HARRY'S in various media, including on internet sites containing a "subdomain". Issues in the case involve attempting to identify which parties requested or were complicit in the publishing of the subdomain (which contained the HARRY'S mark) in the URL for the allegedly infrining website. Defendants have urged us to adopt July 2014 as the date that the public was first able to locate the website in question by searching for a restaurant or bar that contained the word "Harry's" on a browser like Google. The Court examined the need for the documents at the October 6, 2022 Conference and agreed with One Hanover's citation to *Soter Techs., LLC v. IP Video Corp.*, 523 F. Supp. 3d 389, 406–07 (S.D.N.Y. 2021) that the use of a mark in a website is itself a form of infringement, overruling the objection to produce documents responsive to RFD's 3-5.

3. Documents which show the date that The Subdomain was added to The Domain.
4. Documents concerning the addition of the Subdomain to the Domain
5. Documents which show the date The Website first became live *i.e.* visible to users that entered the URL into the address bar of an internet browser.

The July 20, 2022 RFD's contained the following pertinent definitions:
"The URL" shall mean https://www.parklanenewyork.com/harrys-new-york-bar/
"The Domain" shall mean https://www.parklanenewyork.com/
"The Subdomain" shall mean harrys-new-york-bar/
"The Website" shall mean the site that appeared when The URL is entered into the address bar of a web browser such as Internet Explorer

Dkt. No. 42-1

When the documents did not arrive, One Hanover reached out to Defendants on November 9, 2022 "the Court overruled your objections to our July 20, 2022 RFD's 3-5 but we never received the documents by the deadline". Defendants did not respond. We again followed up on November 10, 2022 attempting to reason with Defendants in order to persuade them to comply with the Court Order and indicating in pertinent part "we spent a lot of time on that the Motion to Compel. You didn't reply to Samantha's followup. Unfortunately, I'm going to have to let the Court know about this issue." Defendants replied, "no responsive documents to RFD 3-5". This was perplexing as they did not explain anything about what searches were performed to find these documents. Indeed, at the October 6, 2022 Conference, the Court and counsel spent considerable time and agreed, that because Defendants affirmed that they added the subdomain in 2014, that it would not be difficult for Defendants to search the communications and other documents in those 2 years to find out who requested that the subdomain be added and to produce the documents sought in RFD's 3-5.

We responded "Respectfully your Nov. 10 email is non-responsive to the Court's Order to produce no later than Oct. 28 and the violation continues. *See e.g.* Rule 26(g). Please provide the custodians, sources searched and search terms used." Defendants did not respond to this, and we followed up with them again. To this, Defendants indicated that they would respond by November 18. They did not. I requested a meet and confer which was held on November 21, 2022. Myself and Gregory Marshall participated for the Plaintiff. John Posthumus participated for Defendants. Counsel indicated that he did not provide us with custodians or search terms because despite the Court order, Defendants declined to conduct a search. Counsel believed that at least one of the Defendants requested the addition of the subdomain by writing to a third party provider, but not a single defendant conducted a search for said communications. We reiterated that a search was required to be conducted pursuant to the Order and that its response should comply with Rule 26(g)

The problem for us is that it is almost a month after the court granted Plaintiff's motion to compel and endorsed the October 28 deadline to comply with the July 20 RFD's. During the meet and confer we discussed missing Initial Disclosures from Defendants. According to the Order they were due on July 31, 2022. Defendants advised it was an oversight and that they will be provided no later than December 2, 2022. For this, we respectfully ask that the Court endorse said date as the deadline to cure their failure to provide initial disclosures. It is settled that any response must comply with Rule 26(g), and that in addition Defendants should provide the sources searched, custodians and search terms used. Gucci Am., Inc. v. Costco Wholesale Corp., 2003 WL 21018832, at *2 (S.D.N.Y. May 6, 2003) (Citations Omitted) ("Rule 26(g) imposes on counsel an affirmative duty to engage in pretrial discovery responsibly"); Singh v. Lintech Elec., Inc., 2021 WL 3914478, at *5 (E.D.N.Y. July 20, 2021), report and recommendation adopted, 2021 WL 3912416 (E.D.N.Y. Sept. 1, 2021) ("every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by ... [the] attorney of record.").

In addition to the Rule 26(g) violation, (we only received a one line email that was not contained in a formal signed response) Defendants have not provided information typical to a search of this nature, particularly one that is court ordered. "[T]he producing party must search custodians and locations it identifies on its own as sources for relevant information as part of its obligations under Rules 26 and 34." *See e.g.* Raine Grp. LLC v. Reign Cap., LLC, 2022 WL 538336, at *1 (S.D.N.Y. Feb. 22, 2022).

Defendants conducted no search of any custodians or sources despite the Court granting our motion to compel. It is highly likely that Defendants are withholding the documents because the addition of the infringing domain was ordered by one of the Defendants that is claiming it is not the culpable one. In addition the documents may contain information relating to Defendants bad faith use of the Plaintiff's mark. Perhaps one of the parties to the communications mentioned Plaintiff's ongoing use of the Harry's mark in its domain harrysnyc.com. For these reasons, we respectfully ask for permission to file a motion to preclude Defendants from opposing at least a portion of Plaintiff's allegations. Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp., 2017 WL 2840279, at *10 (S.D.N.Y. June 27, 2017) ("preclusion orders are entirely appropriate where the disobedient party has violated a court order to produce the evidence necessary to resolve the issue as to which preclusion is sought").

Accordingly we respectfully ask that either Plaintiff be allowed to move to preclude or in the alternative that Defendants be reminded of their obligation to comply with the Court's Order [Dkt. 54] that any response must comply with Rule 26(g), and that in addition Defendants should provide the sources searched, custodians and search terms used.

Respectfully,

s/John P. Bostany