

1401 Lawrence Street, Suite 2300, Denver, CO 80202 • (303) 572-9300

December 2, 2022



Dated: 12-5-2022

A telephonic discovery conference in this matter is hereby scheduled for Tuesday, December 20, 2022 at 4:00 p.m. Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time.  Please dial (888) 808-6929; access code 9781335.

John R. Posthumus
(720) 931-1191
jposthumus@polsinelli.com

Hon. Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *One Hanover, LLC v. The Witkoff Group LLC, Symphony CP (Park Lane) Owner LLC, New Valley LLC, and Highgate Hotels, Inc.*, **Civil Action No. 1:22-cv-02723-VM (S.D.N.Y.)**

Your Honor:

Pursuant to your Order [ECF 58], Defendants respond to Plaintiff's November 22, 2022 [ECF 57] letter as follows.

**Background:** This case involves Plaintiff One Hanover, LLC's claims for trademark infringement and counterfeiting asserted against Defendants The Witkoff Group LLC ("Witkoff"), Symphony CP (Park Lane) Owner LLC ("Symphony"), New Valley LLC ("New Valley"), and Highgate Hotels, Inc. ("Highgate"). *See* Amended Complaint (Doc. 14).

Specifically, Plaintiff uses the mark "Harry's" at its restaurant and bar in lower Manhattan at 1 Hanover Square, New York, NY 10004, including, for example, the following:




polsinelli.com

Atlanta   Boston   Chicago   Dallas   Denver   Houston   Kansas City   Los Angeles   Miami   Nashville   New York
Phoenix   St. Louis   San Francisco   Seattle   Silicon Valley   Washington, D.C.   Wilmington
Polsinelli PC, Polsinelli LLP in California
87120295.1



**December 2, 2022**
Page 2

    Defendant Symphony is the owner of the Park Lane Hotel in Central Park South at 36 Central Park S, New York, NY 10019, and uses the mark "Harry's New York Bar" at its restaurant and bar at the Park Lane Hotel, including, for example, the following:

 

    Defendant Highgate is the manager of the Park Lane Hotel, including the "Harry's New York Bar." Defendants Witkoff, New Valley and Highgate have an ownership interest in Defendant Symphony. Defendants Witkoff and New Valley are seeking dismissal from the case and all Defendants are seeking to dismiss of the counterfeit claim – Defendants' motion is currently pending before the Court. *See* [ECF 56].

    Two key issues in this litigation are priority of use and long standing co-existing use of "Harry's" by Plaintiff and Defendant Symphony. In its Amended Complaint, Plaintiff alleges that "Defendants started using the mark HARRY'S as part of the phrase HARRY'S NEW YORK BAR on or about January 2022." *See* Amended Complaint, paragraph 40 [ECF 14]. Plaintiff's allegation is indisputably false as established by the evidence contained within Defendants' counsel July



December 2, 2022
Page 3

2022, email to Plaintiff's counsel which provided a detailed description (with photos) establishing the continuous use of "Harry's" at the Park Lane Hotel since as early as 2003.  *See* Exhibit A.

 **Dispute**: The parties' discovery dispute pertains to the following three requests:

 3. Documents which show the date that The Subdomain was added to The Domain.

 4. Documents concerning the addition of the Subdomain to the Domain

 5. Documents which show the date The Website first became live *i.e.* visible to users that entered the URL into the address bar of an internet browser.

 Defendants' counsel has indicated on several occasions to Plaintiff's counsel that the "harrys-new-york-bar" subdomain was added to the domain "parklanenewyork.com" as early as July 20, 2014 – as indicated by information available on the Wayback Machine.  Additionally, Defendants' counsel has indicated on several occasions to Plaintiff's counsel that the domain "parklanenewyork.com" became live as early as May 2014 – as indicated by information available on the Wayback Machine.

 Additionally, Defendant Highgate, as the manager of the Park Lane Hotel, has responsibility for the website for the Park Lane Hotel, has indicated to Plaintiffs that it has not located any documents dating back to the 2014-time frame concerning the matters raised by these three requests.  Moreover, Defendant Highgate no longer has a relationship with the domain name service provider at that time — Symbolic Interactive – and Defendants' counsel provided this information to Plaintiff's counsel.  It should also be noted that Symbolic Interactive is still an activate entity (*see* symbolicinteractive.com) and Defendants' counsel has supplied this information to Plaintiff's counsel.

 The dispute between the parties involves whether Defendant Highgate is required to conduct an electronic search of emails to ascertain responsive documents.  Defendants' counsel has respectfully disagreed with Plaintiff's counsel that an electronic search is required.  In this regard, Defendants assert that Plaintiff's request that an electronic search be conducted is not proportional under Fed. R. Civ. P 26(b)(1).  First, the email communications sought by these requests have extremely limited importance to Plaintiff's claims and are not relevant to the central issues in the action – *i.e.*, priority of use and long-standing co-existing use.  Second, the amount in controversy is exceptionally small, if not zero, because of the equitable defenses of laches and acquiesce available to Defendants due to the long-standing co-existing use of the "Harry's" mark.  Third, any email communications responsive to these requests, to the extent that they still exist,



**December 2, 2022**
Page 4

are likely in the possession of the web services provider at the time Symbolic Interactive (see symbolicinteractive.com) and Plaintiff can certainly use the subpoena powers of the Court to obtain this information directly from Symbolic Interactive. Fourth, the emails sought by these requests have little or no importance in resolving the issues at hand in this case, including priority of use and long standing co-existing use. Finally, the significant financial expense of electronic discovery far outweighs the likely benefits of the email communications sought by these requests.[1]

Further, it should be noted that Plaintiff's position that electronic searching should occur to ascertain potentially responsive emails from over 8 years ago is directly contra to its discovery responses to Defendant Symphony's discovery requests, wherein, among other things, Plaintiff is only agreeing to respond to eight of fifty documents requests, has refused to respond to any interrogatory requests, and has yet to produce a single document. *See* Exhibit B. Defendant Symphony expects to raise these issues with the Court shortly.

Finally, in view of the foregoing, Plaintiff's request that they be allowed to move to preclude is not justified.

According, Defendants respectfully request that Plaintiff's request that Defendants conduct electronic searches in response to document request nos. 3-5 be denied.

Sincerely,

*John Posthumus*

John R. Posthumus

JRP

Attachments

---

[1] In the event the Court is inclined to order an electronic search, Defendants respectfully request that Plaintiff pay all costs associated with the search.

87120295.1