THE BOSTANY LAW FIRM PLLC

NEW JERSEY OFFICE
ONE GATEWAY CENTER
NEWARK, NJ 07102

3 WORLD FINANCIAL CENTER
24TH FLOOR
NEW YORK, NEW YORK 10281
TEL: 212-530-4400
FAX: 212-530-4488

> **SO ORDERED**
> /s/ Valerie Figueredo
> VALERIE FIGUEREDO
> United States Magistrate Judge
> Dated: 3-27-2023
>
> Any response by Defendants to Plaintiff's letter is due by no later than Friday, March 31, 2023. A telephonic discovery conference to address the issues raised in ECF No. 70 is scheduled for Wednesday April 19, 2023 at 10:00 a.m. Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time. Please dial (888) 808-6929; access code 9781335. The Clerk of Court is directed to terminate the motion at ECF No. 70.

March 2[…]

Hon. Valerie Figueredo
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      **RE:**   *One Hanover, LLC v. Witkoff Group, LLC, et. al.*
             SDNY Docket No.: 22cv2723(VM)(VF)

Dear Judge Figueredo:

      Plaintiff respectfully comes to this Court seeking assistance in persuading Defendants to produce communications and documents concerning the use of the word HARRY'S on signage, menus and advertising for HARRY'S NEW YORK BAR.

      Before, during and after our Motions, Defendants insisted that the only agreement that existed concerning management of HARRY'S NEW YORK BAR, was the Park Lane Hotel management agreement with Highgate. Plaintiff followed the Rules and in good faith attempt to resolve the deficiency before any motions for filed, *see e.g.* September 9 letter [Dkt. No. 42-2]. The Court set a October 14 deadline which was on consent. [Doc. No. 47 ]. At both October 6 and December 20 Conferences, this Honorable Court reminded Defendants of their obligation to provide a response pursuant to Rule 26(g) that Plaintiff could rely upon.

      What occurred was non-compliance and misinformation. *See e.g.* Dec. 20 email annexed as **Exhibit A** and 12.20.22 Transcript pp. 20 and 23. They argued that they should not be sanctioned for violating the October 6 Order anchoring themselves to the idea that the restaurant management occurred implicitly via the hotel management agreement.

> Defendant Highgate manages the Park Lane Hotel, including Harry's New York Bar, for Defendant Symphony and Symphony has produced the management agreement to Plaintiff. As I have previously indicated to you, **there is no separate agreement** pertaining to Highgate's management and operation of Harry's New York Bar.
>
> Besides the management agreement already produced in this case, Defendants do not have any documents responsive to Request No. 2.
>
> As such, there is no violation, much less a violation that requires a cure.

Sincerely,

**John Posthumus**

December 20 email annexed as **Exhibit A** (Emphasis Supplied).

      Suddenly on January 20, 2023, Defendants emailed an incomplete document <u>in draft form</u> that they would tell us on February 28, 2023 was the management agreement for HARRY'S NEW YORK BAR. The draft indicated that the Hotel would select a management company, revealing only that it would be related to "Sartiano".  It was the evening of February 28 and we were about to file a Joint Status Report when Defendants responded by phone to the Plaintiff's January and early February requests to meet and confer.  We asked for the whereabouts of the rest of the documents responsive to RFP 2 *i.e.* documents/emails that would identify the management company and RFP 7 communications relating to the use of HARRY'S on signage, menus, and advertising.  [Doc. No. 42-1].

      In that evening call, Defendants explained that he didn't have the name of the management entity readily available but that it began handling the launch of HARRY'S NEW YORK BAR at Park Lane Hotel in 2021.  He explained that the communications relative to 2021 management company's involvement in signage, menus and advertising would have been in that year, 2021 and I explained to counsel that they should have been and should be produced.  He explained that he would check with his clients and get back to me.  He never did.  I requested a meet and confer on March 10. *See* **Exhibit B**. No response.  Following the filing of a Joint Status Report on February 28, we received **Exhibit C** which states only that they produced "representative samples" of signs etc.

      WHEREFORE, it is respectfully requested that Defendants be directed to provide the communications concerning the management agreement and the use of HARRY'S on signs, menus and advertising under pain of preclusion from claiming that their uses are not likely to be confused with Plaintiff's trademark, and further precluded from using any undisclosed uses relating to the issue of priority of use in commerce.

      Respectfully,

      s/John P. Bostany