UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ONE HANOVER, LLC,

                                  Civil Action No.: 22-2723 (VIM)(VF)

                Plaintiff,

- against -

THE WITKOFF GROUP LLC, SYMPHONY CP
(PARK LANE) OWNER LLC, NEW VALLEY LLC
and HIGHGATE HOTELS, INC.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT (DOC 14)

Defendants The Witkoff Group LLC ("Witkoff"), Symphony CP (Park Lane) Owner LLC ("Symphony"), New Valley LLC (New Valley"), and Highgate Hotels, Inc. ("Highgate") (collectively "Defendants"), through undersigned counsel hereby respond to Plaintiff One Hanover, LLC's ("Plaintiff" or "One Hanover") First Amended Complaint (Doc 14) (the "Complaint") as follows:

## NATURE OF THE CASE[1]

1.      Paragraph 1 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Defendants deny that any of Plaintiff's claims have merit, deny that Symphony's use of HARRY'S NEW YORK BAR required authorization, and deny all other allegations of paragraph 1 in the Complaint.

---

[1] The headings and subheadings in the Amended Complaint do not require a response. Their reproduction in this answer is solely for convenience and should not be taken as an admission of any fact asserted in any heading or subheading.

**PARTIES**

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, on that basis, deny the allegations of paragraph 2 of the Complaint.

3.      Defendant Highgate admits that it has a place of business at 870 Seventh Avenue, Second Floor, New York, New York 10018 and denies the remaining allegations of paragraph 3 of the Complaint.

4.      Defendant Highgate denies the allegations of paragraph 4 of the Complaint.

5.      Defendant Symphony admits the allegations of paragraph 5 of the Complaint.

6.      Defendant Witkoff admits that it has a place of business located at 40 W. 57th St, Suite 1620, City and State of New York and denies the remaining allegations of paragraph 6 of the Complaint.

7.      Defendants Symphony and Witkoff deny the allegations of paragraph 7 of the Complaint.

8.      Defendant New Valley admits the allegations of paragraph 8 of the Complaint.

9.      Defendant New Valley admits the allegations of paragraph 9 of the Complaint.

10.      Defendant Highgate admits that the Park Lane Hotel is located at 36 Central Park South in New York City, that Defendant Symphony is the owner of the Park Lane Hotel and denies the remaining allegations of paragraph 10 the Complaint.

11.      Defendant Symphony admits that the Park Lane Hotel is located at 36 Central Park South in New York City, that it is the owner of the Park Lane Hotel, and denies the remaining allegations of paragraph 11 the Complaint.

88094860.1

12.     Defendant Witkoff admits that the Park Lane Hotel is located at 36 Central Park South in New York City, that Defendant Symphony is the owner of the Park Lane Hotel and denies the remaining allegations of paragraph 12 the Complaint.

13.     Defendant New Valley admits that the Park Lane Hotel is located at 36 Central Park South in New York City, that Defendant Symphony is the owner of the Park Lane Hotel and denies the remaining allegations of paragraph 13 the Complaint.

14.     Defendants admit that Defendant Highgate manages and operates the Park Lane Hotel and deny the remaining allegations of paragraph 14 the Complaint.

15.     Defendants deny the allegations of paragraph 15 of the Complaint.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and, on that basis, deny the allegations of paragraph 16 of the Complaint.

## JURISDICTION AND VENUE

17.     Defendants do not contest that this Court has subject matter jurisdiction over Plaintiff's Count I.

18.     Defendants do not contest venue in this matter.

19.     Defendants deny the allegations of paragraph 19 of the Complaint.

20.     Defendants deny the allegations of paragraph 20 of the Complaint.

21.     Defendants deny the allegations of paragraph 21 of the Complaint.

22.     Defendants deny the allegations of paragraph 22 of the Complaint.

23.     Defendants deny the allegations of paragraph 23 of the Complaint.

24.     Defendants deny the allegations of paragraph 24 of the Complaint.

25.     Defendants deny the allegations of paragraph 25 of the Complaint.

88094860.1

26.     Defendants deny the allegations of paragraph 26 of the Complaint.

27.     Defendants deny the allegations of paragraph 27 of the Complaint.

28.     Defendants deny the allegations of paragraph 28 of the Complaint.

29.     Defendants admit that they are engaged in interstate commerce and deny remaining allegations of paragraph 29 of the Complaint.

30.     Defendants deny the allegations of paragraph 30 of the Complaint.

31.     Defendants deny the allegations of paragraph 31 of the Complaint.

32.     Defendants deny the allegations of paragraph 32 of the Complaint.

33.     Defendants deny the allegations of paragraph 33 of the Complaint.

34.     Defendants deny the allegations of paragraph 34 of the Complaint.

35.     Defendants deny the allegations of paragraph 35 of the Complaint.

## FACTS

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint and, on that basis, deny the allegations of paragraph 36 of the Complaint.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint and, on that basis, denies such allegations.

38.     Defendants deny the allegations of paragraph 38 of the Complaint.

39.     Defendant Symphony admits that it is using the mark HARRY'S NEW YORK BAR at the Park Lane Hotel in New York City and on the internet, on signage, on menus, in advertisements, in connection with food and beverage services, and denies the remaining allegations of paragraph 39 of the Complaint.  The remaining Defendants deny the allegations of paragraph 39 of the Complaint.

4

40.      Defendants deny the allegations of paragraph 40 of the Complaint.

41.      Defendants deny the allegations of paragraph 41 of the Complaint.

42.      Defendants deny the allegations of paragraph 42 of the Complaint.

43.      Defendants deny the allegations of paragraph 43 of the Complaint.

44.      Defendants deny the allegations of paragraph 44 of the Complaint.

45.      Defendants deny the allegations of paragraph 45 of the Complaint.

46.      Defendants deny the allegations of paragraph 46 of the Complaint.

47.      Defendants deny the allegations of paragraph 47 of the Complaint.

48.      Defendants deny the allegations of paragraph 48 of the Complaint.

49.      Defendants deny the allegations of paragraph 49 of the Complaint.

50.      Defendants deny the allegations of paragraph 50 of the Complaint.

51.      Defendants deny the allegations of paragraph 51 of the Complaint.

52.      Defendants deny the allegations of paragraph 52 of the Complaint.

53.      Defendants deny the allegations of paragraph 53 of the Complaint.

54.      Defendants deny the allegations of paragraph 54 of the Complaint.

55.      Defendants deny the allegations of paragraph 55 of the Complaint.

56.      Defendants deny the allegations of paragraph 56 of the Complaint.

57.      Defendants deny the allegations of paragraph 57 of the Complaint.

58.      Defendants deny the allegations of paragraph 58 of the Complaint.

59.      Defendants deny the allegations of paragraph 59 of the Complaint.

60.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint and, on that basis, deny the allegations of paragraph 60 of the Complaint.

88094860.1

61.     Defendants deny the allegations of paragraph 61 of the Complaint.

62.     Defendants deny the allegations of paragraph 62 of the Complaint.

63.     Defendants deny the allegations of paragraph 63 of the Complaint.

64.     Defendants deny the allegations of paragraph 64 of the Complaint.

65.     Defendants deny the allegations of paragraph 65 of the Complaint.

66.     Defendants deny the allegations of paragraph 66 of the Complaint.

67.     Defendants deny the allegations of paragraph 67 of the Complaint.

68.     Defendants deny the allegations of paragraph 68 of the Complaint.

69.     Defendants deny the allegations of paragraph 69 of the Complaint.

70.     Defendants deny the allegations of paragraph 70 of the Complaint.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint and, on that basis, deny the allegations of paragraph 71 of the Complaint.

72.     Defendants deny the allegations of paragraph 72 of the Complaint.

73.     Defendants deny the allegations of paragraph 73 of the Complaint.

## COUNT I – TRADEMARK INFRINGEMENT 15 U.S.C. 117(a) and 1125(a)

74.     In response to paragraph 74 of the Complaint, Defendants repeat and reallege, as if fully set forth herein, their responses in the proceeding paragraphs of this Answer.

75.     Defendants deny the allegations of paragraph 75 of the Complaint.

76.     Defendants deny the allegations of paragraph 76 of the Complaint.

77.     Defendants deny the allegations of paragraph 77 of the Complaint.

78.     Defendants deny the allegations of paragraph 78 of the Complaint.

79.     Defendants deny the allegations of paragraph 79 of the Complaint.

88094860.1

80.    Defendants deny the allegations of paragraph 80 of the Complaint.

81.    Defendants deny the allegations of paragraph 81 of the Complaint.

82.    Defendants deny the allegations of paragraph 82 of the Complaint.

83.    Defendants deny the allegations of paragraph 83 of the Complaint.

84.    Defendants deny the allegations of paragraph 84 of the Complaint.

85.    Defendants deny the allegations of paragraph 85 of the Complaint.

86.    Defendants deny the allegations of paragraph 86 of the Complaint.

87.    Defendants deny the allegations of paragraph 87 of the Complaint.

88.    Defendants deny the allegations of paragraph 88 of the Complaint.

89.    Defendants deny the allegations of paragraph 89 of the Complaint.

90.    Defendants deny the allegations of paragraph 90 of the Complaint.

91.    Defendants deny the allegations of paragraph 91 of the Complaint.

## COUNT II – COUNTERFEITING OF REGISTERED MARK

92.    In response to paragraph 92 of the Complaint, Defendants repeat and reallege, as if fully set forth herein, their responses in the proceeding paragraphs of this Answer.

93.    Count II has been dismissed by Court Order (Doc. 81) and therefore no response is required to paragraph 93 of the Complaint. To the extent any response is required, Defendants deny the allegations of paragraph 93 of the Complaint.

94.    Count II has been dismissed by Court Order (Doc. 81) and therefore no response is required to paragraph 94 of the Complaint. To the extent any response is required, Defendants deny the allegations of paragraph 94 of the Complaint.

88094860.1

95.     Count II has been dismissed by Court Order (Doc. 81) and therefore no response is required to paragraph 95 of the Complaint. To the extent any response is required, Defendants deny the allegations of paragraph 95 of the Complaint.

96.     Count II has been dismissed by Court Order (Doc. 81) and therefore no response is required to paragraph 96 of the Complaint. To the extent any response is required, Defendants deny the allegations of paragraph 96 of the Complaint.

97.     Count II has been dismissed by Court Order (Doc. 81) and therefore no response is required to paragraph 97 of the Complaint. To the extent any response is required, Defendants deny the allegations of paragraph 97 of the Complaint.[2]

97.     Count II has been dismissed by Court Order (Doc. 81) and therefore no response is required to paragraph 97 of the Complaint. To the extent any response is required, Defendants deny the allegations of paragraph 97 of the Complaint.

98.     Count II has been dismissed by Court Order (Doc. 81) and therefore no response is required to paragraph 98 of the Complaint. To the extent any response is required, Defendants deny the allegations of paragraph 98 of the Complaint.

99.     Count II has been dismissed by Court Order (Doc. 81) and therefore no response is required to paragraph 99 of the Complaint. To the extent any response is required, Defendants deny the allegations of paragraph 99 of the Complaint.

100.     Count II has been dismissed by Court Order (Doc. 81) and therefore no response is required to paragraph 100 of the Complaint. To the extent any response is required, Defendants deny the allegations of paragraph 100 of the Complaint.[3]

---

[2] The Complaint contains two paragraphs numbered '97.'

[3] The Complaint contains two paragraphs numbered '100.'

88094860.1

100.    Count II has been dismissed by Court Order (Doc. 81) and therefore no response is required to paragraph 100 of the Complaint. To the extent any response is required, Defendants deny the allegations of paragraph 100 of the Complaint.

101.    Count II has been dismissed by Court Order (Doc. 81) and therefore no response is required to paragraph 101 of the Complaint. To the extent any response is required, Defendants deny the allegations of paragraph 101 of the Complaint.

102.    Count II has been dismissed by Court Order (Doc. 81) and therefore no response is required to paragraph 102 of the Complaint. To the extent any response is required, Defendants deny the allegations of paragraph 102 of the Complaint.

103.    Count II has been dismissed by Court Order (Doc. 81) and therefore no response is required to paragraph 103 of the Complaint. To the extent any response is required, Defendants deny the allegations of paragraph 103 of the Complaint.

## <u>AFFIRMATIVE DEFENSES</u>

Defendants allege and assert the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by the law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, Defendants specifically reserve all right to allege additional affirmative defenses that become known through the course of discovery.

A.    Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

B.    Plaintiff's claims are barred, in part, by the Court's Order (Doc 81) of May 8, 2023.

C.    Plaintiff's claims are barred, in whole or in part, because consumers are not likely to be (nor were they) confused regarding the source of Defendants' goods and services.

88094860.1

D.      Plaintiff's claims are barred, in whole or in part, because there is no reasonable likelihood of confusion in the marketplace.

E.      Plaintiff's claims are barred, in whole or in part, because Defendants did not engage in any deceptive or unfair acts or practices.

F.      Plaintiff's claims are barred, in whole or in part, because Defendants did not act with the requisite degree of knowledge, intent, or fault.

G.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, acquiescence, statute of limitations and/or estoppel.

H.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

I.      Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no injury or damages.

J.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, are vague, uncertain, imaginary or speculative.

K.      Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate its damages.

L.      Plaintiff's claims for injunctive relief are barred, in whole or in part, because Plaintiff suffered no irreparable harm.

M.      Plaintiff's requests for damages or other monetary recovery are barred, in whole or in part, because any such recovery would unjustly enrich Plaintiff.

N.      Plaintiff's requests for damages or other monetary recovery are barred, in whole or in part, because by the doctrine of laches, waiver, acquiescence, statute of limitations and/or estoppel.

88094860.1

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiff as follows: Plaintiff recover nothing and its Complaint be dismissed with prejudice; the Court deny any injunctive relief against Defendants sought by Plaintiff; the Court issue an order that no costs, expenses, attorneys' fees, or other relief shall be awarded to Plaintiff; the Court issue an order awarding Defendants its reasonable costs and attorneys' fees incurred in having to defend this action, pursuant to 15 U.S.C. § 1117(a); and Defendants be granted such other and further relief as this Court deems just and proper.

## COUNTERCLAIM

Pursuant to Rules 13 and 14 of the Federal Rules of Civil Procedure, Defendants/Counter Plaintiffs The Witkoff Group LLC ("Witkoff"), Symphony CP (Park Lane) Owner LLC ("Symphony"), New Valley LLC (New Valley), and Highgate Hotels, Inc. ("Highgate") (collectively "Counter Plaintiffs"), through undersigned counsel hereby assert the following Counterclaim against Plaintiff/Counter Defendant Plaintiff One Hanover, LLC's ("Counter Defendant" or "One Hanover"):

## PARTIES

1.      Counter Plaintiff Highgate has a place of business at 870 Seventh Avenue, Second Floor, New York, New York 10018.

2.      Counter Plaintiff Symphony has a place of business at 40 W. 57th St, Suite 1620, City and State of New York.

88094860.1

3.      Counter Plaintiff Witkoff has a place of business at 40 W. 57th St, Suite 1620, City and State of New York.

4.      Counter Plaintiff New Valley has a place of business at 4400 Biscayne Blvd., 10th Floor, Miami, Florida.

5.      Upon information and belief, Counter Defendant is a New York limited liability company with a place of business at 93 Pearl Street, New York, New York.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction for Declaratory Judgment of non-infringement of trademark rights under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201.

7.      This Counterclaim arises out of the same transaction or occurrence that is the subject of Counter Defendant's Complaint.  This Court has personal jurisdiction over Counter Defendant at least because it has submitted itself to the jurisdiction of this Court by filing its Complaint in this judicial district.

8.      To the extent that venue is proper in connection with Counter Defendant's Complaint, it is equally proper for this Counterclaim under 28 U.S.C. §§ 1391.  Venue is also proper in this judicial district because declaratory relief sought is a compulsory counterclaim to claims filed by Counter Defendant in this case.

## GENERAL ALLEGATIONS

9.      Counter Plaintiff Symphony is the sole owner of the Park Lane Hotel.  Counter Plaintiffs Witkoff, New Valley and Highgate are indirect owners of Counter Plaintiff Symphony. Counter Plaintiff Highgate manages the Park Lane Hotel for Counter Plaintiff Symphony.

10.     The "Harry's" bar at the Park Lane Hotel was named after Harold Helmsley and has operated for close to 50 years at the Park Lane Hotel.

11.    As early as June 6, 2004, at the www.helmsleyparklane.com website, the Harry's

Bar was advertised:



12.    This page appeared continuously from 2004 to until at least 2010.

13.    At least as early as 2012, an updated version of the www.hemsleyparklane.com

website is archived showing the following for "Harry's New York Bar":

88094860.1



14.    This information appeared until the last archival for this website on August 15, 2013.

15.    The    following    photo    (https://foursquare.com/v/helmsley-park-lane-hotel/4a68d6fff964a5201ccb1fe3?openPhotoId=51a68261498e72549297d7e1) shows the use of "Harry's" at the actual bar as of May 29, 2013 (see upper left corner):



16. "Harry's" was advertised on the exterior of the Helmsley Park Lane Hotel. For example, the following photo (from a Wall Street Journal article that published on July 26, 2016) shows the use of a stylized "Harry's" on the front windows of the Hemsley Park Lane Hotel:

88094860.1



17.    After the sale of the Park Lane Hotel in 2013, Counter Plaintiff Symphony, as the new owner of the hotel, continued to use "Harry's" for the bar, as shown in the following photo (see right side and reverse signage on the opposite side) which was submitted by Counter Plaintiff Symphony to the USPTO on May 20, 2014 in connection with servicing the "PL" federal registration:



18.    After the sale of the Park Lane Hotel in 2013, the Hotel's website became www.parklanenewyork.com, and the Wayback Machine archive for this website on October 31, 2014 shows that the following menu for "Harry's New York Bar" was in use:

88094860.1



———————

19.    The Wayback archive for www.parklanenewyork.com for August 22, 2014 also shows the following photo of the bar:



20.    The Wayback archive for www.parklanenewyork.com for February 6, 2015 also shows the following:



21.    As shown in the following photo which was submitted to the USPTO on March 27, 2016 in connection with servicing the "The Park Room" federal registration, Counter Plaintiff Symphony continued to use "Harry's" on exterior signage:



22.     Counter Plaintiff Symphony's use of "Harry's" at the Park Lane Hotel has continued to present time.  Recently, the Park Lane Hotel completed a major renovation in 2021 (*see  e.g.,*  https://wwd.com/eye/lifestyle/the-park-lane-hotel-renovation-reopening-central-park-south-1234974421/) that included the Harry's New York Bar.

23.     Counter Defendant's allegation in paragraph 40 of the Complaint is completely inaccurate.  Counter Plaintiff Symphony and Counter Plaintiff Symphony's processor-in-interest clearly commenced use of "Harry's New York Bar" many years ago and not recently in January 2022 as alleged by Counter Defendant.

24.     The notion that Counter Plaintiff Symphony's use of "Harry's" is a counterfeit of Plaintiff's restaurant services is completely belied by the fact that Counter Plaintiff Symphony and

88094860.1

its predecessor-in-interest have used "Harry's" for many decades and the fact that the "Harry's" bar at the Park Lane Hotel was named after Harry Helmsley.

25.    Because of the long standing co-existing use of Harry's by the respective parties, there is no possibility of likelihood of confusion.

### COUNT I

### DECLARATORY JUDGMENT FOR NO TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(a))

26.    Counter Plaintiffs incorporate by reference the allegations in the preceding paragraphs of the Complaint.

27.    A real and actual dispute, case, and/or controversy exists between the Parties as to a state of facts, in particular Counter Plaintiff Symphony's past and continued use of its Harry's mark.

28.    Counter Plaintiffs and Counter Defendant have adverse and antagonistic interests in the subject matter of the dispute, case, and/or controversy.

29.    Counter Plaintiffs seek a declaratory judgment that the past use and continued use of the Harry's mark is not intended or likely to cause confusion, mistake, or deception as between the source, association, or affiliation of the Parties' respective products, services, or businesses, and does not constitute trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30.    Counter Plaintiffs further seek a declaration that Counter Defendant is prevented from enforcing its trademark rights based on equitable principles of laches, estoppel, and/or acquiescence.

### PRAYER FOR RELIEF

WHEREFORE, Counter Plaintiffs pray for:

88094860.1

1.      A Declaratory Judgment that:

      a.      Counter Plaintiff Symphony's past, present, and continued use of the mark HARRY'S in connection with the bar at the Park Lane Hotel does not and will not infringe any of Counter Defendant's trademark rights, or unfairly compete with Counter Defendant, or falsely designate the origin of Counter Plaintiff Symphony's services, or otherwise constitute a violation of any of Counter Defendant's rights under federal law;

      b.      Counter Defendant is prevented from enforcing its rights in the Harry's mark against Counter Plaintiffs as the result of equitable defenses of laches, estoppel and/or acquiescence.

      c.      Counter Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with them, be permanently enjoined and restrained from instituting, prosecuting, or threatening any action against Counter Plaintiffs, or any of their affiliates, or anyone in privity with Counter Plaintiffs, with respect to Counter Plaintiff Symphony's use of Harry's in connection with its business;

2.      Such other and further relief as the Court may deem just and proper.


## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury in this action of all issues so triable.

DATED this 18th day of May 2023

POLSINELLI PC

*s/ John R. Posthumus*

John R. Posthumus (pro hac vice)
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Tele:   (303) 572-9300
Fax:    (303) 572-7883
Email: jposthumus@polsinelli.com

John C. Cleary
600 Third Avenue, 42nd Floor
New York, NY 10016
Tele:   (212) 413-2837
Fax:    (212) 684-0137
Email: john.cleary@polsinelli.com

*Counsel for Defendants and Counterclaim Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2023, a copy of **DEFENDANTS'**

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED**

**COMPLAINT (DOC 14)**, was filed and served through the CM/ECF system, which will forward

a copy to the following:

John P. Bostany
Samantha B. Welborne
THE BOSTANY LAW FIRM PLLC
3 World Financial Center – 24th Floor
New York, NY  10281
john@bozlaw.com

_/s/Martha A. Hammond_____
Martha A. Hammond
Legal Administrative Assistant

88094860.1