# The Bostany Law Firm PLLC

**NEW JERSEY OFFICE**
ONE GATEWAY CENTER
NEWARK, NJ 07102

3 WORLD FINANCIAL CENTER
24TH FLOOR
NEW YORK, NEW YORK 10281

TEL: 212-530-4400
FAX: 212-530-4488

**FLORIDA OFFICE**
1001 BRICKELL BAY DRIVE
MIAMI, FL 33131

May 26, 2023

Hon. Valerie Figueredo
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    **RE:** *One Hanover, LLC v. Witkoff Group, LLC, et. al.*
       SDNY Docket No.: 22cv2723(VM)(VF)

Dear Judge Figueredo:

  Plaintiff One Hanover, LLC respectfully comes to this Honorable Court once again due to Defendants' disregard of Orders that were issued following motion practice, extensive analysis, a Local Civil Rule 37.2 Conference and meet and confers. We seek an Order reminding Defendants of the seriousness of the Court's April 20, 2023 Order requiring them to answer the December 19, 2023 Interrogatories.

### Defendants' disobedience of April 20 order to respond to December 19, 2022 Interrogatories.

  On April 20, 2023, in an unambiguous Order, the Court directed Defendants to respond to the December 19, 2022 interrogatories, explaining that the interrogatories were served with enough time for Defendants to respond before the February 1, 2022 fact discovery deadline. [Dkt. No. 75]. May 12, 2023 was set as the deadline [Dkt. No. 79]. Defendants sent boiler plate objections asserting Local Civil Rule 33.3(a).

  We had an extensive meet and confer on Tuesday, May 16, 2023, and went through each of the Interrogatories [Dkt. No. 73-2], which Defendants conceded sought the identity of witnesses and computation of damages which were specifically permitted by Local Civil Rule 33.3.[1] It was apparent that the objections were not made in good faith. We asked that the he issued be provided no later than May 19 (five months after the interrogatories were served, and a week after the Court-ordered deadline). Defendants counsel responded, **"I can commit to doing that by May 24, 2023"**. Although this was 12 days after the court ordered deadline, in good faith we held off on filing this motion.

---

[1] Defendants pledged to cure by responding to Interrogatories 2-4 and 6-9 no later than May 24, 2023 while the parties continued to meet and confer concerning Interrogatories 5 or 12 (the two interrogatories that related to sales of rooms advertised on the Harry's New York Bar site.

We reminded Defendants of their commitment in a May 17, 2023 letter respectfully annexed hereto as **Exhibit A**, and additional written reminders on May 22, May 23 and May 25. Although we don't expect Defendants to claim that their objections were well founded, for completeness a copy is annexed as **Exhibit B**. We respectfully ask that the Court inject something that will persuade Defendants to comply with the Court's Orders [Dkt. Nos. 75 and 79]. The Court has wide discretion in imposing multiple kinds of compliance oriented relief pursuant to Rule 37(b)(2)(A). "[A]a party's persistent refusal to comply with a discovery order" presents sufficient evidence of willfulness, bad faith or fault. *Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002).

"If parties are allowed to flout their obligations, choosing to wait to make a response until a trial court has lost patience with them, the effect will be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010)(citations omitted). The defendant's failure to participate in discovery and produce relevant information has prejudiced Plaintiff's ability to prosecute her case." *Grammar v. Sharinn & Lipshie*, P.C., 2016 WL 525478, at *5 (S.D.N.Y. Feb. 8, 2016); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 124 (S.D.N.Y. 2018) *quoting Fendi Adele S.R.L. v. Filene's Basement, Inc.*, 2009 WL 855955, at *5 (S.D.N.Y. 2009) ("[E]ven if the discovering party ultimately obtains, through Herculean and expensive effort, the discovery to which it was entitled, that does not preclude it from being awarded appropriate relief to remedy the injury, including monetary relief, that it has suffered.")

Defendants disregard of the deadlines, and ignoring our efforts is the result of their apparent view that there will be no price to pay for violations. At a minimum, we ask for costs. "The discovery deficiencies at issue . . .are of the type that are expected to be resolved without the need for court intervention. Rule 37(a)(5) creates an incentive for parties to work through such disputes, rather than to submit them to a court for resolution." *Cardwell v. Davis Polk & Wardwell LLP*, 2021 WL 2650371, at *6 (S.D.N.Y. June 28, 2021).

### *Report on Subpoena of Sartiano and Deposition Scheduling*

On May 16, 2023, we confirmed that the Subpoena'd documents were due by May 31.[2] They are critically needed in light of the fact that following his April 19 disclosure that Bond Hospitality was the manager of Harry's New York Bar, we discovered they were promoting it under the exact mark registered to the plaintiff's, "HARRY'S" [Dkt. Nos. 88-1 and 88-2]. We respectfully ask that this Honorable Court endorse the May 31, 2023 production date for the document Subpoena [Dkt. No. 82].

During the May 16 meet and confer, we spent considerable time reviewing with Defense counsel each of the topics contained in Notices of Depositions of Symphony/Highgate that were discussed in our May 5 Joint Letter. Copies of the Notices are annexed as **Exhibits C** and **D**. We exchanged correspondence re-confirming the dates, discussed them at the meet and confer and reconfirmed them in writings to Defendants commencing on May 17 (Exhibit A). Defendants have not replied to our final confirmation on May 20 (**Exhibit E**) so we are arranging reporters and schedules based on these deposition dates that we respectfully ask the Court to endorse with the times and locations contained in the Notices:

---

[2] On May 14, counsel for Defendants confirmed he was representing Sartiano with respect to the May 9 Subpoena's [Dkt. Nos. 82 and 83].

June 20 Highgate
June 21 Symphony
June 22 Sartiano
June 23 Witkoff
June 29 New Valley

Finally, although Defendants did not comply with the May 12, 2023 deadline to produce documents relating to use of the mark HARRY'S in signs, advertising, menus, communications and metatags [Dkt. No. 84], we are in the process of reviewing the partial production Defendants just now made. We will make additional good faith attempts to persuade Defendants to complete their production, before seeking relief with respect to the documents.

## Conclusion

We respectfully ask that **(a)** Defendants be directed to respond to Interrogatories 2-4, and 6-9 with a reminder of the seriousness of the deadlines set in the Court's orders; **(b)** the Deposition schedule set forth above be endorsed; and **(c)** that the date for production of documents in the Subpoena *duces tecum* [Dkt. No. 82] be endorsed.

Respectfully,

s/John P. Bostany

---

SO ORDERED

*[signature]*

VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 5-31-2023

A discovery conference is hereby scheduled for **Thursday, June 22, 2022 at 10:00 a.m.** in Courtroom 17-A, United States Courthouse, 500 Pearl Street, New York, New York. Any response from Defendants to this letter is due by **June 7, 2023**.